IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA CHARLEY as guardian and
next friend of ANGEL CHARLEY, a minor,

    Plaintiffs,

v.                                                                                       Civ. No. 00-728 RLP/LFG-ACE

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendant's Motion for Summary Judgment. This action is brought pursuant to the Federal Tort Claims Act ("the Act"), 28 U.S.C. § 2674. Plaintiff Angel Charley ("Ms. Charley") seeks compensatory, injunctive, and declaratory relief. For all of the reasons set forth below, Defendants' Motion is granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the evidence presented by the parties demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A "genuine" issue of fact exists if the evidence is such that a reasonable jury could resolve the issue either way. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue of fact is "material" if it is essential to the proper disposition of the claim. *Id.* The court must consider the record, and all reasonable inferences therefrom, in the light most favorable to the party opposing

the motion. *Id.* The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Id.* at 670-71 (citing *Celotex Corp. v. Catrett*, 470 U.S. 317, 322-23 (1986)). If the moving party will not bear the burden of persuasion at trial, that party "may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* (citing 477 U.S. at 325). Once the moving party has presented its properly supported motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts from which a reasonable jury could find in favor of the nonmoving party. *Id.*

## DISCUSSION

In 1998, when the events at issue occurred, Ms. Charley was an eighth-grade student at Laguna Middle School, a federal school run for Native Americans of the Laguna Pueblo. Ms. Charley became involved in an altercation with another student. She alleges that when teacher Michael Chambers attempted to break up the fight, he intentionally "slammed" her to the ground, then put a choke hold on her, and then picked her up and banged the two fighters' heads together. She alleges physical and emotional injuries. Her claim against the government is premised upon the breach of its custodial duty; *i.e.*, the failure to care, protect and supervise Ms. Charley from a "known foreseeable risk of abuse . . ." Complaint, ¶ 41(a)-(c); and negligent hiring, supervision and retention.

In seeking summary judgment, the government relies on § 2580(h) of the Act. Although the Act waives the government's sovereign immunity for negligence, § 2580(h) provides that the Act's waiver "shall not apply to any claim arising out of assault and

battery . . . ."  As stated by the United States Supreme Court:

> "Section 2580(h) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault and battery. . . .[I]t appears that Congress believed that § 2680(h) would bar claims arising out of a certain type of factual situation--deliberate attacks by Government employees."

*United States v. Shearer*, 473 U.S. 52, 55 (1985) (emphasis by the Court).

Three years after *Shearer*, the Court again reviewed § 2580(h) in *Sheridan v. United States*, 487 U.S. 392 (1988).  In *Sheridan* the government was alleged to have been negligent by failing to restrain an intoxicated and armed sailor who later injured some individuals.  The government argued that § 2580(h) barred the claim.  The Court acknowledged there were two possible interpretations of "arising out of" in § 2680(h).  *Id.* at 399.

The first interpretation is where a claim arises out of an assault and battery only where the plaintiff fails to allege an independent basis for tort liability.  Thus, a claim is not barred so long as it alleges a negligent act or omission independent of the assault or battery.  *Sheridan*, 487 U.S. at 399.

The second interpretation is that a claim "arises out of" an assault and battery in any case where the plaintiff would have no claim "but for" the assault and battery.  Thus, the typical negligent hiring, supervision or retention claim would be barred by this exception because "but for" the assault and battery, there would be no injury to the plaintiff.  *Id.* at 400.  The Court specifically declined to state which interpretation should prevail.

In *Franklin v. United States*, 992 F.2d 1492 (10th Cir. 1993) the Tenth Circuit Court of Appeals appeared to adopt the first interpretation. In *Franklin* the decedent's widow sued under the Act for unauthorized surgery at the Veterans Administration hospital. In discussing *Shearer* and *Sheridan*, the court stated:

> Since *Shearer* . . . the Supreme Court has recognized one category of battery-related cases that falls outside the preclusive compass of § 2680(h). Specifically, when a negligence claim against the government arises out of an incident of battery but is in no way contingent on the perpetrator's federal employment status, *i.e.*, when the government's liability is based on its breach of a duty owed the victim that is independent of its relationship, if any, to the perpetrator, § 2680(h) does not bar recovery under the [Act].

992 F.2d at 1498.

In analyzing the *Franklin* plaintiff's claim, the court utilized the language in *Sheridan* and fount that "[h]ere, the government would have no potential liability if not for the fact that those responsible for the intentionally tortious medical care alleged in the complaint were VA employees." The court then stated in a footnote:

> We note that neither the complaint nor the pretrial order alleges a claim for negligent hiring, training, or supervision of the VA personnel involved, and, in any event, even after *Sheridan* it is doubtful on our alleged facts whether such a claim, which would still ultimately derive from the government's employment relationship to the immediate tortfeasors, would escape the reach of § 2680(h).

992 F.2d at 1499 n.6.

In the case at bar, Ms. Charley alleges that the government had an independent duty to protect her and cites the Indian Child Protection and Family Violence Protection Act; Title IV of Public Law 101-630. She also attaches unauthenticated documents which

4

are titled "Security Management/BIA Eagle Investigations. *See* Plaintiff's Exhibit 3 to Memorandum in Opposition to Defendant's Motion for Summary Judgment. In brief, Ms. Charley argues that the government is required to do a background check on its employees for the safety of the children and that the government failed to do so in the case of Mr. Chambers. It is the negligent breach of this duty, she claims, that proximately caused her injuries and the Chambers' assault was merely a link in the causal chain; therefore, she argues, her claim is not precluded by § 2680(h).

Even assuming, *arguendo*, that such a duty existed, Ms. Charley has failed to show the existence of a genuine issue of material fact sufficient to create a jury issue. The government has shown that a background check was performed on Mr. Chambers. *See* Exhibits A-F, attached to Defendant's Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment [Doc. 37]. There is simply nothing in the record to indicate the government's breach of a duty which proximately caused her injuries. Although causation issues are usually reserved for the jury, where the factual support therefor cannot create even a permissible inference in a plaintiff's favor, summary judgment is appropriate. *See Stevens v. Barnard*, 512 F.2d 876, 879 (10th Cir. 1975).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant's Motion for Summary Judgment [Doc. 34] is granted and this case is dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

5

For the Plaintiffs:     Anthony Little, Esq.

For the Defendant:   Cynthia Weisman, Esq.
                     Dori Richards, Esq.